UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TANIZIA WILLIAMS | CIVIL ACTION |
| VERSUS | NO: 18-2793 |
| SUPERIOR HOSPITALITY STAFFING INC. ET AL. | SECTION: "H"(1) |

## ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss, or alternatively, Motion for More Definite Statement (Doc. 11). For the following reasons, the Motion is GRANTED IN PART.

## BACKGROUND

Plaintiff Tanzania Williams brings both individual claims and a collective action against her former employer under the Fair Labor Standards Act (FLSA) and the Louisiana Wage Payment Statute (LWPS). Plaintiff alleges that Defendants Superior Hospitality Staffing, Inc.; Superior Hospitality Systems, Inc.; Superior Hospitality Management Systems, Inc.; and Superior Hospitality Janitorial Services, Inc. are her joint employers.

1

Plaintiff alleges that she worked for Defendants as a staffing employee, such as a bartender or server, from December 2017 to March 2018 at an hourly rate of $11.00 to $16.00. She alleges that she has not been paid for her work despite repeated demands and is aware of other employees that likewise have not been paid or were paid late "as a part of Defendants' routine practice of delaying payment and withholding employee's paychecks, including final paychecks."[1] She alleges that this practice violates the FLSA's minimum wage and overtime requirements and seeks to bring an FLSA collective action. Plaintiff also brings an individual claim under the LWPS, alleging that Defendants failed to pay her hourly rate in excess of minimum wage for each hour she worked.

Defendant now moves to dismiss Plaintiff's claims, alleging that her LWPS claim is preempted and that she has otherwise failed to state a claim for relief. In the alternative, Defendant seeks a more definite statement.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw

---

[1] Doc. 1.
[2] Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[3] *Id.*

2

all reasonable inferences in the plaintiff's favor."[4] The court need not, however, accept as true legal conclusions couched as factual allegations.[5] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[7] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

## LAW AND ANALYSIS

This Court will address each of Defendants' arguments for dismissal in turn.

### I. LWPS Preemption

Plaintiff brings an individual claim under the Louisiana Wage Payment Statute ("LWPS"), which states that an employee must be paid all of the wages owed to him within 15 days of his discharge.[9] Defendants argue that the FLSA preempts the LWPS, and Plaintiff's claim should therefore be dismissed. Plaintiff argues that her claim is not preempted because she is seeking recovery of the amount that she was not paid over and above minimum wage. She argues that because she can only seek minimum wage under FLSA, the

---

[4] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[5] *Iqbal*, 556 U.S. at 678.
[6] *Id.*
[7] *Lormand*, 565 F.3d at 255–57.
[8] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[9] LA. REV. STAT. § 23:631.

3

LWPS allows her to seek the additional amount of the hourly wage that she alleges she is owed.

The language of the LWPS "is unambiguously broad in scope; it mandates that an employer pay any amount that an employee justifiably earns under the terms of his employment."[10] The FLSA, on the other hand, requires only that an employer pay its employees a minimum wage as set by the Act and does not address the failure to pay agreed-upon wages.[11] Defendant does not cite to any case holding that a claim for the amount owed over and above minimum wage is preempted by the FLSA, nor could this Court find any.[12] Accordingly, Plaintiff is entitled to seek the amount she is owed over and above minimum wage through the LWPS, and her claim is not preempted.[13]

## II. FLSA Claim

Defendants next argue that Plaintiff's Complaint fails to state a claim under the FLSA for failure to pay minimum wage or overtime. An employer violates the FLSA if it fails to pay covered employees at least one and one-half

---

[10] Kidder v. Statewide Transp., Inc., 129 So. 3d 875, 881 (La. App. 3 Cir. 2013).

[11] 29 U.S.C. § 206.

[12] The cases cited by Defendant hold only that a plaintiff cannot seek overtime payment or penalties under both the FLSA and LWPS. *See* Little v. Mizell, CV 15-268, 2016 WL 3430489, at *4 (E.D. La. June 22, 2016); Divine v. Levy, 36 F. Supp. 55, 58 (W.D. La. 1940).

[13] *See* Hendrix v. Delta Air Lines, Inc., 234 So. 2d 93, 95 (La. App. 4 Cir. 1970) ("The federal law makes no provision for or against penalties for mere failure to pay admittedly due agreed-upon wages promptly upon termination of employment. We conclude there is no preemption on this question by the Fair Labor Standards Act . . . ."); Tillman v. Louisiana Children's Med. Ctr., No. CV 16-14291, 2017 WL 1399619, at *3 (E.D. La. Apr. 19, 2017); *see also* Banks v. First Student Mgmt. LLC, 237 F. Supp. 3d 397, 402 (E.D. La. 2017) ("[W]hile the Fifth Circuit has not addressed the validity of such claims, several district courts in this circuit have held that 'gap time' claims for unpaid straight time wages, which do not implicate the overtime or minimum wage requirements, are generally not viable under the FLSA.").

times their normal rate for hours worked in excess of 40 hours per week or fails to pay covered employees a minimum wage.[14] Thus, to state a claim for unpaid overtime or minimum wages under the FLSA, a plaintiff must plead: "(1) that there existed an employer–employee relationship during the unpaid . . . periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime or minimum wage requirements; and (4) the amount of overtime or minimum wage compensation due."[15] The pleading requirements are satisfied in the FLSA context when the complaint contains the "'approximate date ranges, as well as the approximate number of hours worked' for which the plaintiff claims he was under-compensated."

Defendants argue that Plaintiff's Complaint fails to state a claim for failure to pay minimum wage under the FLSA where it alleges only that Plaintiff's rate of pay was $11.00 to $16.00, well above the minimum wage. This Court disagrees. Plaintiff's Complaint also alleges that she worked for Defendants from December 2017 to March 2018 and has not received any payment for her work. It is clear then from the Complaint that regardless of the agreed-upon hourly rate, Plaintiff alleges that Defendants failed to pay her any amount for her work.[16] Accordingly, Plaintiff's allegations are sufficient to state a claim under the FLSA for failure to pay minimum wage.

---

[14] 29 U.S.C. §§ 206, 207.
[15] Mejia v. Brothers Petroleum, LLC, No. 12-2842, 2015 WL 3619894, at *2 (E.D. La. June 9, 2015) (quoting Johnson v. Heckmann Water Resources, Inc., 758 F.3d 627, 630 (5th Cir. 2014)).
[16] Defendants' contention that this allegation is false is not appropriate for consideration at the motion to dismiss stage.

Defendants next allege that Plaintiff's Complaint fails to state a claim for failure to pay overtime under the FLSA where it does not state the number of hours worked in excess of forty or even that her work ever exceeded forty hours in a single week. A plaintiff meets her pleading burden by alleging the amount that defendants paid, the time period during which she worked, that she worked in excess of forty hours, and that she was never paid one-and-half times their hourly rate.[17] Plaintiff alleges that she was paid between $11.00 and $16.00 an hour, that she worked for Defendants between December 2017 and March 2018, and that she was not paid overtime wages for hours worked in excess of forty. Although Plaintiff does not expressly allege that she worked in excess of forty hours in a single week, it is clear from the allegations of her Complaint that she intends to allege such. There are sufficient allegations to put Defendant on notice of Plaintiff's FLSA overtime claim, even if it lacks this express allegation. Accordingly, Plaintiff has sufficiently alleged a claim for FLSA overtime payment.

### III. Collective Action Allegations

Defendants next allege that the allegations of Plaintiff's Complaint are insufficient to state a claim for a collective action. Plaintiff rebuts that Defendants' arguments are best addressed at the class certification stage, not on a motion to dismiss.

"There is no specific guidance from the Fifth Circuit Court of Appeals on this issue, and opinions from district courts both in this circuit and others are inconsistent, arriving at different conclusions as to a) whether certain job

---

[17] Palma v. Tormus Inc., No. 15-3025, 2015 WL 13048727, at *3 (E.D. La. Dec. 23, 2015).

descriptions and factual allegations meet the plausibility standard as established in *Iqbal* and *Twombly*; and b) whether a motion to dismiss or collective action certification is the proper stage in the proceedings to address the issue."[18] However, this Court finds the opinion in *England v. Administrators of the Tulane Education Fund* instructive. In *England*, a court in this District stated that: "To prevail against a motion to dismiss, a plaintiff's complaint 'must allege facts sufficient to demonstrate that [she] and potential plaintiffs were victims of a common policy or plan that violated the law. Plaintiffs need only show their positions are similar, not identical.'"[19]

Here, Plaintiff's Complaint seeks to bring a collective action on behalf of all hourly staffing employees who have previously worked or currently work for Defendants since March 2015 and were not paid for all hours worked as a result of Defendants' policy of delaying or withholding paychecks.[20] Such allegations are more than sufficient to put Defendants on notice of the putative class and allow Plaintiff to proceed to the conditional certification stage.

### IV. Joint Employer Allegations

Finally, Defendants allege that Plaintiff's Complaint fails to set forth sufficient facts showing that each Defendant is her employer under the terms of the FLSA. "In order to establish a claim for retaliation or failure to compensate under the FLSA, there must first be an employer-employee

---

[18] Creech v. Holiday CVS, LLC, No. 11-46, 2012 WL 4483384, at *2 (M.D. La. Sept. 28, 2012).

[19] England v. Adm'r s of the Tulane Educ. Fund, No. 16-3184, 2016 WL 3902595, at *4 (E.D. La. July 19, 2016) (quoting Wischnewsky v. Coastal Gulf & Intern., Inc., No. 12-2277, 2013 WL 1867199, at *4 (E.D. La. May 2, 2013); *see also* Creech v. Holiday CVS, LLC, No. 11-46, 2012 WL 4483384, at *1 (M.D. La. Sept. 28, 2012)).

[20] Doc 1., ¶20.

7

relationship."[21] Plaintiff's Complaint alleges that all Defendants—Superior Hospitality Staffing, Inc.; Superior Hospitality Systems, Inc.; Superior Hospitality Management Systems, Inc.; Superior Hospitality Janitorial Services, Inc.; and Shane Milliet—are her joint employers.

To prove that a party was an employer under FLSA, the plaintiff must allege facts showing that the defendant had the requisite control over aspects of her employment. An "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee."[22] To determine whether an individual or entity is an employer, the Fifth Circuit applies the "economic realities test" and considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."[23] "[E]ach individual or entity alleged to be an employer . . . must satisfy the four part test."[24]

Plaintiff's Complaint alleges that Defendant Shane Milliet is the sole manager/owner of each of the other Defendant entities and that the Defendants are so "intertwined as to be indistinguishable."[25] The Complaint further alleges that "Defendants jointly exercised control over the Plaintiff's and FLSA Collective Action Plaintiffs' schedules, rates of pay, how they performed their jobs and the equipment they used to perform their jobs."[26]

---

[21] Mendoza v. Essential Quality Const., Inc., 691 F. Supp. 2d 680, 684 (E.D. La. 2010).
[22] 29 U.S.C. § 203(d).
[23] Gray v. Powers, 673 F.3d 352, 355 (5th Cir. 2012).
[24] *Id.*
[25] Doc. 1, ¶16.
[26] Doc. 1, ¶17.

8

Defendants contend that these allegations are conclusory and insufficient to state a claim against Defendants as joint employers.

Plaintiff's allegations attempt to paint Defendants as a "joint enterprise" that jointly exercised control over elements of her employment.[27] However, under the FLSA, the "enterprise" theory is inapplicable to the joint employer analysis.[28] "The FLSA concept of 'enterprise' does not abrogate the need for the plaintiff to show that he suffered injury at the hands of each individual defendant, even if the defendants are related corporations."[29] Here, Plaintiff's allegation that the Defendants acted jointly in exercising control over her is insufficient for this Court to consider the factors of the economic realities test as to each Defendant. Plaintiff has failed to plead that she was "simultaneously employed by two or more employers," pleading instead that she was "simultaneously employed by all the Defendants, because of the Defendants' relationships with each other."[30] Allegations of a joint enterprise are insufficient to establish that Defendants are joint employers of Plaintiff. Accordingly, Plaintiff has failed to plead a necessary element of her FLSA claims, and they are dismissed on that ground.

---

[27] Doc. 12. p.13.

[28] Joaquin v. Coliseum Inc., No. A-15-CV-787-LY, 2016 WL 3906820, at *5–6 (W.D. Tex. July 13, 2016), report and recommendation approved sub nom. Joaquin v. Hinojosa, No. A-15-CV-787-LY, 2016 WL 7647630 (W.D. Tex. Aug. 2, 2016); see 29 U.S.C. § 203(s).

[29] *Joaquin*, 2016 WL 3906820, at *5–6 (quoting Lucas v. BMS Enterprises, Inc., No. 309-CV-2159-D, 2010 WL 2671305, at *3 (N.D. Tex. July 1, 2010)).

[30] *Id.* at *7.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion is GRANTED IN PART, and Plaintiff's FLSA claims are DISMISSED WITHOUT PREJUDICE. Only Plaintiff's state law claim remains. Plaintiff shall amend her Complaint within 20 days of this Order to the extent that she can remedy the deficiencies identified herein. Failure to amend will result in the *sua sponte* dismissal of this matter for lack of subject matter jurisdiction.

New Orleans, Louisiana this 7th day of January, 2019.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**