UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TANIZIA WLLIAMS<br>Plaintiff | CIVIL ACTION NO.: 2:18-cv-02793<br>SECTION: H |
| -VS- | DISTRICT JUDGE: MILAZZO |
| SUPERIOR HOSPITALITY STAFFING, INC.; SUPERIOR HOSPITALITY SYSTEMS, INC.; SUPERIOR HOSPITALITY SYSTEMS MANAGEMENT, INC; SUPERIOR HOSPITALITY JANITORIAL SERVICES, INC.; and SHANE MILLIET<br>Defendant | MAGISTRATE: MEERVELD |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENCY OF PROCESS AND MOTION TO QUASH PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 (B)(2) & (5)

NOW INTO COURT, through undersigned counsel, comes Defendants, SHS GROUP, SUPERIOR HOSPITALITY STAFFING, and SHS MANAGEMENT, INC., who respectfully submit this memorandum in support of their motion to dismiss for lack of personal jurisdiction and insufficiency of process and motion to quash.

A court must dismiss a case for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Proper service of process must be had on a defendant or else the court is deprived of personal jurisdiction over that defendant. *Omni Capital Int'l, Ltd v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S. Ct. 404, 409 (1987). Mere notice of the suit is not sufficient to establish personal jurisdiction over a defendant. *Id.* A court may dismiss a case for insufficient service of process where the process was not served in the appropriate manner. Fed. R. Civ. P. 12(b)(5); *Clark v. Johnson County*, No. 3:01-CV-2231-M, 2002 WL 912778, *2 (N.D. Tex. March 27, 2002). In the alternative, where service is not effected in a manner prescribed by federal or state law, a court may quash the service of process. *Stokes v. Scott*, No. 3:98-CV- 1140-L, 2000 WL 343185, *3 (N.D. Tex. March 31, 2000).

Service may be had on an unincorporated association by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). Strict compliance with the federal rules for service of process is required. *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). The serving party bears the burden of proof in establishing valid service of process where the sufficiency of service is contested. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

Service of process was insufficient for the following reasons. There is no entity registered with the Secretary of State by the name of SHS Management, Inc. Therefore, in accordance with FRCP Rule 4(h)(1), there is not an officer, manager or general agent, or any other agent authorized by appointment or by law to receive service of process. Shane Milliet is not an officer, manager or registered agent of a Louisiana entity by the name of SHS Management, Inc. Thus, service process on defendant was insufficient pursuant to Rule 12(b)(5).

SHS Group was not properly served. Shane Milliet is not an officer, manager or registered agent of a Louisiana entity by the name of SHS Group. Thus, service process on defendant was insufficient pursuant to Rule 12(b)(5).

There is no entity registered with the Secretary of State by the name of Superior Hospitality Staffing. Shane Milliet is not an officer, manager or registered agent of a Louisiana entity by the name of SHS Group. Thus, service process on defendant was insufficient pursuant to Rule 12(b)(5).

Accordingly, Defendants request this Court either to dismiss this cause of action against it without prejudice or in the alternative, to quash the service of process.

Respectfully submitted:

ALLEN & GOOCH
A Law Corporation

*/s/ Laura P. Johnson*
LAURA PRYOR JOHNSON, #34040
P.O. Box 81129
Lafayette, LA 70598-1129
Telephone: 337-291-1690
Fax: 337-291-1695
Email: LauraJohnson@AllenGooch.com
Attorneys for Defendants, SHS GROUP, SUPERIOR HOSPITALITY STAFFING, and SHS MANAGEMENT, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2019, a copy of the foregoing was filed electronically on behalf of Defendants, SHS GROUP, SUPERIOR HOSPITALITY STAFFING, and SHS MANAGEMENT, INC., with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all listed counsel of record by operation of the court's electronic filing system.

*/s/ Laura P. Johnson*
LAURA PRYOR JOHNSON