UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TANIZIA WILLIAMS, on behalf of herself and all those similarly situated, | CIVIL ACTION NO.: 18-2793 |
| Plaintiff, | SECTION: H<br>JUDGE JANE TRICHE MILAZZO |
| vs. | MAGISTRATE: 1 |
| SUPERIOR HOSPITALITY STAFFING, INC.; SUPERIOR HOSPITALITY SYSTEMS, INC.; SUPERIOR HOSPITALITY SYSTEMS MANAGEMENT, INC.; SUPERIOR HOSPITALITY JANITORIAL SERVICES, INC. and SHANE MILLIET, | MAGISTRATE JUDGE JANIS VAN MEERVELD |
| Defendants. | |

**OPPOSITION TO DEFENDANTS' SECOND MOTION TO DISMISS**

NOW INTO COURT through undersigned counsel comes Plaintiff, Tanzania Williams, who submits the following Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Process and Motion to Quash Pursuant to Federal Rule of Civil Procedure 12(b)(1) & (5) ("the Motion"). Though styled as a motion to dismiss due to lack of personal jurisdiction, it appears that the substance of Defendants' argument is that Plaintiff's Complaint should be dismissed against Defendants SHS Group, Superior Hospitality Staffing and SHS Management, Inc. due to insufficient service of process. Specifically, Defendants assert that Shane Milliet may not be served on behalf of SHS Group, Superior Hospitality Staffing and SHS Management, Inc. because they are not incorporated entities and he is therefore not listed as the registered agent for these entities. Defendants' argument is misplaced. Because Defendants SHS Group, Superior Hospitality Staffing and SHS Management, Inc. are not

incorporated entities or trade names associated with incorporated entities, they have been sued as names under which Shane Milliet, individually, does business, *(see* First Am. Compl. at ¶¶5(a),(c) and (e) and 34.) meaning that they are sole proprietorships and service upon him is sufficient to effect service upon these Defendants. To the extent that Defendants assert that SHS Group, Superior Hospitality Staffing and SHS Management, Inc. are not sole proprietorships or otherwise names under which Shane Milliet does business, rather than dismiss these Defendants (one of which issued Plaintiff's paychecks and two others which held themselves out via business cards, time sheets and a website as her employer), the proper remedy would be to allow Plaintiff to take the limited deposition of Shane Milliet (who has answered the First Amended and Supplemental Complaint and is the sole person associated with these business names) for the purpose of identifying the correct entity or entities to be served so as to effectuate service of process and allow this matter to move forward. Accordingly, Defendants' motion should be denied.

**LAW AND ARGUMENT**

Louisiana law recognizes two kinds of persons: natural persons and juridical persons. Louisiana Code of Civil Procedure art. 24. A juridical person is defined as an entity to which the law attributes personality, such as a corporation or a partnership. *Id.* The code further provides that the personality of a juridical person is distinct from that of its members. *Id.*; *see also Robinson v. Heard*, 809 So.2d 943, 945 (La. 2002). Black's Law Dictionary defines a sole proprietorship as "[a] form of business in which one person owns all the assets of the business in contrast to a partnership, trust or corporation. The sole proprietor is solely liable for all the debts of the business."

*Robinson*, 809 So.2d at 946 (*quoting* BLACK'S LAW DICTIONARY 1392 (6th ed.1990).

A sole proprietorship is not a legal entity. It is merely a designation assigned to a manner of doing business by an individual. *Robinson*, 809 So.2d at 946. While the individual involved in the sole proprietorship may consider the business to be separate and distinct from his/her person, there exists no legal distinction between the individual and the business. *See Trombley v. Allstate Insurance Co.,* 93-1669, pp. 3-4 (La. App. 3 Cir. 6/1/94), 640 So.2d 815, 817; *see also Haddad v. Elkhateeb*, 46 So.3d 244, 250-51 (La. App. 4 Cir. 2010).

Louisiana Code of Civil Procedure Article 736 provides that "A person who does business under a trade name is the proper defendant in an action to enforce an obligation created by or arising out of the doing of such business." The comments to Article 736 elaborate further: "It has been held that a suit brought against the owner only in the trade name used was sufficient to justify rendition of judgment against the owner…It is regarded as being completely unsound, since the business being done under a trade name is not a legal entity, and is without procedural capacity or status." Thus, "'The designation 'd/b/a' means 'doing business as' but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person ...'" *Krawfish Kitchen Restaurant, Inc. v. Ardoin,* 396 So.2d 990, 993 (La. App. 3 Cir.1981).

Thus, because SHS Group, Superior Hospitality Staffing and SHS Management, Inc. are not registered or separate entities or registered trade names, they are merely names under which Shane Milliet does business as a sole proprietor, facts which Plaintiff clearly pled in Paragraphs 5(a),(c) and (e) and 34. of the First Amended and Supplemental Complaint. To successfully accomplish service upon a sole proprietorship, such as the Defendants here, Plaintiff must serve the sole proprietor personally or by domiciliary service. FED. R. CIV. P. 4(e); La. Code Civ. P. arts. 1232, 1234; *Phillips v. QBE Speciality Insurance Co.*, No. 15-2019 (E.D. La. 11/1/16). Here, Shane Milliet was served with the First Amended and Supplemental Complaint as an individual joint employer and as the person that is legally responsible for the liabilities of SHS Group, Superior Hospitality Staffing and SHS Management, Inc., which are trade names under which he clearly operates as a sole proprietor. *See* Ex. A, Business Cards, Ex. B, Timesheets, Ex. C, Website. Thus, service upon him was proper. Accordingly, Defendants' motion should be dismissed.

Respectfully submitted,

*/s/ Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
    mjackson@jackson-law.net
Attorneys for Plaintiff